**RAILROAD COMMISSION et al. v. YOUNG.**

No. 2248.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1939.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis and Geo. W. Barcus, Asst. Attys. Gen., for appellants.

Henry Jackson, of Groesbeck, for appellee.

ALEXANDER, Justice.

This suit was brought by Humboldt B. Young, Jr., against the Railroad Commission of Texas and others to restrain the defendants from enforcing against plaintiff the provisions of the Motor Truck Law. Upon presentation of the petition at an ex-parte hearing and without the introduction of evidence, the trial court granted a temporary injunction as prayed. The defendants appealed.

The sole ground alleged by plaintiff for the issuance of the injunction was that the Railroad Commission had issued certain rules and regulations fixing the charges to be made by plaintiff and others engaged in the transportation of oil field equipment and supplies, and that such rules and regulations were "arbitrary, unreasonable, unjust and discriminatory." The plaintiff did not allege in what manner these rules were "arbitrary, unreasonable, unjust and discriminatory," or that he had attempted to obtain relief therefrom by a

suit in the district court of Travis county. Neither did the plaintiff allege that he had a permit or certificate of convenience and necessity from the Railroad Commission authorizing him to operate his truck in the transportation of freight over the highways of this state. It is readily apparent that the petition wholly failed to state a cause of action. In the absence of a permit, the plaintiff had no right to operate his truck in the transportation of freight over the highways. Vernon's Ann.Civ.St. art. 911b. If he had such permit and the rules promulgated by the Railroad Commission appertaining to his business as such were unreasonable, his remedy was by suit in the district court of Travis county and not elsewhere. Id.

The judgment of the trial court is reversed and the injunction is dissolved. All costs, including those in the lower court and on appeal, will be adjudged against the appellee and the sureties on his injunction bond as provided in Revised Statutes, art. 4649.